**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| HAKIM ISHMAIL KAMAU, )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:07-cv-1242-SEB-TAB |
| ) | |
| WARDEN, INDIANA STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

For the reasons explained in this Entry, the petition of Hakim Ishmail Kamau ("Kamau") for a writ of habeas corpus must be denied and this action dismissed.

**I.**

On June 7, 2006, an Indiana jury found Kamau guilty of two (2) counts of child molestation as Class A felonies, one (1) count of sexual misconduct with a minor as a Class B felony, and one (1) count of sexual misconduct with a minor and one (1) count of child molesting as Class C felonies. At sentencing, the court merged two of the convictions for child molestation with the count of sexual misconduct with a minor, imposed a 40-year sentence for these underlying offenses and enhanced that by 30 years after finding Kamau to be an habitual offender. Kamau's conviction was affirmed on direct appeal in *Kamau v. State,* 49A02-0607-CR-601 (Ind.Ct.App. July 5, 2007). He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), contending that the evidence was insufficient to support his convictions and that the trial court improperly admitted evidence of prior bad acts.

## II.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 provides that habeas corpus relief may be granted only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The state court's decision must be unreasonable; it is not enough for the state court to be wrong or that this court would decide the issue differently. *Donks v. Davis,* 355 F.3d 1005, 1008 (7th Cir. 2004). To grant habeas relief under the "contrary to" clause, the court must find that the state court reached a result opposite to that reached by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor,* 529 U.S. 362, 405 (2000); *Jackson v. Miller,* 260 F.3d 769, 774 (7th Cir. 2001). To obtain relief under the "unreasonable application" clause, a habeas petitioner must show that the state court's decision unreasonably applied clearly established Supreme Court precedent by unreasonably extending a rule to a context where it should not have applied or by unreasonably refusing to extend a rule to a context where it should have applied. *Id.* at 774; *Virsnieks v. Smith,* 521 F.3d 707 (7th Cir. 2008). In short, the state court decision must be "both incorrect and unreasonable." *Washington v. Smith,* 219 F.3d 620, 628 (7th Cir. 2000).

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

### B.

*1. Sufficiency of the Evidence.* As a matter of federal constitutional law, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970); *see also Herrera v. Collins,* 506 U.S. 390, 402 (1993)(noting that "a conviction based on evidence that fails to meet the *Winship* standard" is an "independent constitutional violation").

2

The essential elements of child molestation under Indiana law are that the defendant, being at least twenty-one (21) years of age, did perform or submit to deviant sexual conduct, an act involving the sex organ of the victim and the mouth of the defendant when the victim, was then under the age of fourteen (14). See IND. CODE § 35-42-4-3. Kamau challenges the sufficiency of the evidence supporting his convictions for this offense by contending, as he did in his direct appeal, that the State failed to adequately prove that the victim, his step-daughter, was thirteen (13) years old when he performed oral sex on her.

Prior to the AEDPA, a challenge to the sufficiency of the evidence was analyzed in a federal habeas proceeding by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A federal habeas court is not entitled to reweigh the evidence under the guise of assessing its sufficiency. *Id.* On the contrary, a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor. *Id.* at 326; *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987). The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." 443 U.S. at 324, n.16. The only appropriate inquiry under *Jackson*

is whether, assuming the jury resolved all disputes in the state's favor and drew all inferences from that evidence, it would have been rational to convict. Not whether we would convict, but whether thoughtful people could convict.

*Branion v. Gramly,* 855 F.2d 1256, 1266 (7th Cir. 1988). Under the AEDPA, federal review of these claims "therefore now turns on whether the state court provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997).

The Indiana Court of Appeals understood this challenge to the evidence and employed a test comparable to that under *Jackson. Kamau v. State,* 49A02-0607-CR-601, at p.3. In doing so in this case, the Indiana Court of Appeals noted the victim's unambiguous testimony that Kamau had performed oral sex on her when she was 13. *Id.* Although later testimony from the victim on this point was not as clear, this testimony was clear and was sufficient to sustain the jury's decision that Kamau was guilty of Class A child molesting. *Id.* The Indiana Court of Appeals' discussion of the evidence provided Kamau and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. The determination by the Indiana Court of Appeals that the evidence was sufficient did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Kamau is not entitled to relief based on this claim.

*2. Testimony of Victim's Mother.* Kamau alleges that the State was improperly allowed to introduce testimony from the victim's mother, Paula, that he had been observed sleeping on the floor of the victim's room wearing a burgundy robe. It was argued by Kamau in his direct appeal that the testimony was inadmissible pursuant to Indiana rule of Evidence 404(b). The Indiana Court of Appeals reviewed the purpose of Rule 404(b) and then agreed with the State's argument that

> the challenged evidence is not the type of evidence subject to exclusion under Evid. Rule 404(b). The testimony describing Kamau sleeping on the floor of A.S.'s bedroom while wearing his burgundy robe, is not evidence of a prior bad act. It is corroborative of A.S.'s testimony. This is not character evidence based on uncharged misconduct which is what Evid. Rule 404(b) is designed to exclude.

*Kamau v. State,* 49A02-0607-CR-601, at p. 5.

There are multiple reasons why this claim will not support Kamau's petition for federal habeas relief.

! First, this claim was not fairly presented to the Indiana state courts in federal constitutional terms. *See Lieberman v. Thomas,* 505 F.3d 665, 669-70 (7th Cir. 2007) ("[W]e assess whether the petitioner alerted the state court to the federal nature of his claim in a manner sufficient to allow that court to address the issue on a federal basis."); *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004) (a petitioner fairly presents his federal claim to the state courts when he articulates both the operative facts and the controlling legal principles on which his claim is based). The failure to do so constitutes a procedural default. *Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006).

! Kamau seems to blame his lawyer for this. Although it is true that ineffective assistance rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because it has not been separately and independently presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995).

! Kamau also states that it would be a fundamental miscarriage of justice for his claim not to be addressed, but he does make a plausible case for his factual innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the

new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006). Kamau has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." *Spreitzer v. Schomig,* 219 F.3d 639, 648-49 (7th Cir. 2000). He offers no new evidence whatsoever, and nothing in his arguments as to either of his claims suggest that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence. His assertion of the Rule 404(b) claim in the face of his procedural default therefore lies outside the fundamental miscarriage of justice exception and is not a sufficient basis on which the court could reach the merits of this claim.

! Even if the court found that Kamau's Rule 404(b) was presented to the Indiana courts with a federal constitutional basis, he could not prevail on this claim. In most cases, state evidentiary rulings are not subject to collateral review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"); *Dressler v. McCaughtry,* 238 F.3d 908, 914 (7th Cir. 2001). Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000). The trial court's ruling in this case was not of this nature, and hence this claim will not support the award of federal habeas relief.

! Finally, even if the court found that Kamau's Rule 404(b) claim as presented to the Indiana courts had a federal constitutional basis, the analysis of that claim by the Indiana Court of Appeals was not contrary to any controlling decision by the United States Supreme Court, and the Indiana Court of Appeals "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). The Indiana Court of Appeals properly noted that the conduct alleged to have been a "bad act" was not, in fact, a "bad act" for purposes of Rule 404(b). The testimony of Kamau's wife did not describe a criminal act, but behavior which was simply corroborated by the victim's testimony. The deference commanded by the AEDPA in these circumstances insulates Kamau from being awarded federal habeas relief on the basis of this evidentiary ruling.

Kamau's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a

violation of federal statutory or constitutional law").[1] This court has carefully reviewed the state record in light of Kamau's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. His challenge to the sufficiency of the evidence of his conviction for child molestation relating to the victim's age at the time is defeated by the victim's testimony. His challenge to what he refers to as testimony of prior bad acts is not reviewable on the merits here for multiple reasons, but even if the court concluded otherwise a federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007) (internal citations omitted). Such a showing has not been made here. Kamau's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/03/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).